UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHAO KANG LIN, </br></br>　　　　Petitioner, </br></br>　　v. </br></br>UNITED STATES OF AMERICA, </br></br>　　　　Respondent. | CASE NO.  C05-660RSM </br>　　　　　　(CR01-158RSM) </br></br>REPORT AND RECOMMENDATION |

### INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is a federal prisoner who is currently incarcerated at the Federal Correctional Institution at Fort Dix, New Jersey. Petitioner has filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2002 federal court sentence. Respondent has filed a response opposing petitioner's motion. Following a careful review of the record, this Court concludes that petitioner's § 2255 motion should be denied.

### BACKGROUND

On November 2, 2001, pursuant to a plea agreement entered into with the government, petitioner pleaded guilty to a charge of conspiracy to smuggle and transport illegal aliens. (CR01-158RSM, Dkt. Nos. 31 and 32.) The plea agreement reflects that the parties agreed, for purposes of

REPORT AND RECOMMENDATION
PAGE - 1

sentencing, that the evidence supported the following upward adjustments to petitioner's base offense level: (1) a three level upward adjustment because the offense involved the smuggling of six or more (but less than 24) aliens; (2) an upward adjustment to a level 18 for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person; and, (3) an eight level upward adjustment because the offense resulted in four deaths. (CR01-158RSM, Dkt. No. 31 at 3-4.) The plea agreement also reflects that the government reserved the right to argue for an upward adjustment based upon petitioner's role in the offense and that defendant reserved the right to argue against any such adjustment. (*Id*., Dkt. No. 31 at 4.)

On May 9, 2002, petitioner appeared before the Honorable Barbara Jacobs Rothstein, United States District Judge, for sentencing. (*See id*., Dkt. No. 52.) After hearing the arguments of counsel, Judge Rothstein determined that an upward adjustment based upon petitioner's role as a leader or organizer of the offense was appropriate and she imposed a high end sentence of 108 months imprisonment. (*See id*., Dkt. No. 56 at 16-18, 25-27.) Petitioner appealed his sentence to the Ninth Circuit Court of Appeals. Petitioner argued on appeal that the leadership enhancement should not have been applied and that his criminal history score was improperly calculated. *See United States v. Lin*, 84 Fed. Appx. 806 (9th Cir. 2003). The Ninth Circuit affirmed the sentence on December 15, 2003. *Id*. Petitioner subsequently filed a petition for writ of certiorari with the United States Supreme Court. The Supreme Court denied the petition on April 19, 2004. *See Lin v. United States*, 541 U.S. 1003 (2004).

Petitioner now seeks relief from his sentence under § 2255. Petitioner argues in his motion that he is entitled to relief under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005), because none of the factors relied upon to enhance his sentence were charged in the indictment, submitted to the jury to be proven beyond a reasonable doubt, or admitted by him. Petitioner further argues that he was denied effective assistance of counsel when

REPORT AND RECOMMENDATION
PAGE - 2

…
…

1  his trial counsel agreed to the sentencing enhancements which resulted in a constitutionally infirm
2  sentence.
3        The government, in its response to petitioner's motion, argues that the motion should be
4  denied because (1) the decision in *Booker* should not be applied retroactively, and (2) the *Booker*
5  claim is not available to petitioner because he procedurally defaulted on the claim by failing to raise
6  the claim at the trial stage or on direct appeal.

## DISCUSSION

### *Booker* Retroactivity

On June 24, 2004, the United States Supreme Court issued its opinion in *Blakely*. In *Blakely*, the Supreme Court addressed a provision of the Washington Sentence Reform Act which permitted a judge to impose a sentence above the statutory range upon finding, by a preponderance of the evidence, certain aggravating factors which justified the departure. *Blakely v. Washington*, 124 S. Ct. at 2535. The trial court relied upon this provision to impose an exceptional sentence which exceeded the top end of the standard range by 37 months. *Id*. The Supreme Court held that this exceptional sentence violated the Sixth Amendment because the facts supporting the exceptional sentence were neither admitted by petitioner nor found by a jury. The Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id*. at 2537 (emphasis in original).

On January 12, 2005, the Supreme Court issued its ruling in *United States v. Booker*, 125 S.Ct. 738 (2005). In *Booker*, the Supreme Court addressed *Blakely* in the context of the Federal Sentencing Guidelines and concluded that the Sixth Amendment, as construed in *Blakely*, applies to the Federal Sentencing Guidelines. *Id*. at 745. The Supreme Court remedied the Sixth Amendment problem by excising the provision of the Sentencing Reform Act which made the Guidelines

REPORT AND RECOMMENDATION
PAGE - 3

1  mandatory, 18 U.S.C. § 3553(b)(1), thus rendering the guidelines effectively advisory. *Id.* at 764-5.

2  The Ninth Circuit recently held that *Blakely* does not apply retroactively to cases on

3  collateral review. *See Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005); *accord*, *United States v.*

4  *Price*, 400 F.3d 844, 845 (10th Cir. 2005). In addition, all of the circuit courts that have considered

5  whether *Booker* applies retroactively have held that it does not. *See Never Misses a Shot v. United*

6  *States*, 413 F.3d 781, 783-84 (8th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3d Cir.

7  2005); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005); *Varela v. United States*, 400

8  F.3d 864, 868 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005);

9  *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005). The reasoning expressed by the

10  Ninth Circuit in *Schardt* applies with equal force in the *Booker* context. Thus, the government is

11  correct in its assertion that petitioner may not rely on *Booker* in his § 2255 motion. Because this

12  disposes of petitioner's *Blakely/Booker* claim, the Court need not address the government's

13  alternative argument that petitioner procedurally defaulted on this claim.

14  <u>Ineffective Assistance of Counsel</u>

15  The Sixth Amendment guarantees a criminal defendant the right to effective assistance of

16  counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims of ineffective assistance of

17  counsel are evaluated under the two-prong test set forth in *Strickland*. Under *Strickland*, a defen-

18  dant must prove (1) that counsel's performance fell below an objective standard of reasonableness

19  and, (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings

20  would have been different. *Id*. at 688, 691-92.

21  Petitioner asserts that his trial counsel rendered ineffective assistance at the plea stage of his

22  criminal proceedings when counsel agreed to the enhancements to petitioner's sentence despite the

23  fact that such enhancements should have been precluded by the United States Supreme Court's

24  decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

25
REPORT AND RECOMMENDATION
26  PAGE - 4

In *Apprendi*, the Supreme Court held that "other than the fact of a previous conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 483. Following *Apprendi*, the circuit courts of appeal were unanimous in rejecting the argument that sentencing enhancements, such as those challenged here, were required to be proved to a jury beyond a reasonable doubt. *See Lilly v. United States*, 342 F. Supp. 2d 532, 536 n. 3, 2004 WL 2402715 (W.D. Va. 2004) (collecting such cases). And, in fact, at the time petitioner entered his guilty plea and was sentenced, the circuit courts had consistently held that *Apprendi* concerns were not implicated so long as the sentence imposed did not exceed the maximum sentence prescribed by the statute under which the defendant was convicted. *See id*.

The statutory maximum sentence for his offense of conviction was life imprisonment. *See* 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (a)(1)(B)(i), (a)(1)(B)(iii), and (a)(1)(B)(iv). Because the enhancements in the plea agreement did not result in a sentence which exceeded the statutory maximum for the offense to which he was pleading guilty, any objection by counsel to those enhancements under *Apprendi* would likely have been futile. Counsel's decision to forego a futile argument does not constitute ineffective assistance. *See, e.g., United States v. Palomba*, 31 F.3d 1436, 1461 (9th Cir. 1994) ("Defense counsel's failure to raise [a] futile jurisdictional argument was not erroneous, much less deficient.").

The Court further notes that even if counsel had not agreed to the enhancements themselves, petitioner, in entering his guilty plea, admitted to all of the facts necessary to support imposition of those enhancements. Thus, counsel's agreement to the enhancements did not prejudice petitioner in any respect.

## CONCLUSION

For the reasons set forth above, petitioner's § 2255 motion must be denied. A proposed

1  order accompanies this Report and Recommendation.

2      DATED this  25th  day of August, 2005.

*/s/ M. J. Benton*
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6